UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 20-1268

_____

UNITED STATES OF AMERICA
Appellee,

v.

FRANCIS M. REYNOLDS, a/k/a Frank Reynolds
Defendant-Appellant.

_____

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

REPLY BRIEF OF *AMICUS CURIAE* OFFICE OF THE FEDERAL PUBLIC
DEFENDER FOR THE DISTRICTS OF MASSACHUSETTS, NEW
HAMPSHIRE, AND RHODE ISLAND

_____

> Judith H. Mizner
> Assistant Federal Defender
> Federal Defender Office
> District of Massachusetts
> 51 Sleeper Street, 5th Floor
> Boston, MA 02210
> (617) 223-8061
> First Circuit No. 11056

# TABLE OF CONTENTS

                                                                             Page

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -i-

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .-ii-

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

I.  The Finality Principle Supports Adoption of the Abatement
    *ab Initio*   Rule When a Defendant Dies During the Pendency
    of a Direct Appeal of a Judgment in a Criminal Case. . . . . . . . . . . . . 2

    A.  Abatement is Based on the Centrality of Appellate Review
        of Criminal Convictions to a Correct Adjudication of Guilt
        or Innocence. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  Abatement Based on the Finality Principle is Not
        Inconsistent With the Presumption of Innocence or its
        Applications. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

## TABLE OF AUTHORITIES

**Case**        **Page**

*ACLUM v. Conference of Catholic Bishops*,
     705 F.3d 44 (1st Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Clay v. United States*,
     537 U.S. 522 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Crooker v. United States*,
     325 F.2d 318 (8th Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*Dickerson v. New Banner Inst., Inc.*,
     460 U.S. 103 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Douglas v. California*,
     372 U.S. 353 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Evitts v. Lucey*,
     469 U.S. 387 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Griffin v. Illinois*,
     351 U.S. 12, 18 (1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Herrara v. Collins*,
     506 U.S. 390, 399 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Krantz v. United States*,
     224 F.3d 125 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Matos v. United States*,
     398 F.3d 126 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Nelson v. Colorado*,
     581 U.S. 128 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Case</u>                                                                                                  <u>Page</u>

*Reaves v. Department of Corrections*,
    2021 WL 9541612 (1st Cir. 2021) (unpub) . . . . . . . . . . . . . . . . . . . . .6

*Simon v. United States*,
    70 F.3d 1252 (1st Cir. 1995) (unpub). . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Brame*,
    568 Fed.Appx. 567 (10th Cir. 2014) (unpub) . . . . . . . . . . . . . . . . 5-6

*United States v. Brooks*,
    872 F.3d 78 (2d Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Bryant*,
    743 Fed.Appx. 471 (D.C. Cir. 2018) (unpub) . . . . . . . . . . . . . . . . . .4

*United States v. Butler*,
    48 Fed.Appx. 630 (9th Cir. 2002) (unpub) . . . . . . . . . . . . . . . . . . . .6

*United State v. Campbell*,
    980 F.2d 245 (4th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Christopher*,
    273 F.3d 295 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Coddington*,
    802 Fed.Appx. 373 (10th Cir. 2020) (unpub) . . . . . . . . . . . . . . . . . .5

*United States v. DeMichael*,
    461 F.3d 414 (3d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . .2, 4, 5

*United States v. Dudley*,
    739 F.2d 175 (4th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

<u>Case</u> <u>Page</u>

*United States v. Estate of Parsons*,
    367 F.3d 409 (5th Cir. 2004) (en banc) . . . . . . . . . . . . . . . . . . . . . .4, 5

*United States v. Holyfield*,
    703 F.3d 117 (10th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*United States v. Howard*,
    115 F.3d 1151 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*United States v. Johnson*,
    937 F.2d 609 (6th Cir. 1991) (unpub). . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Larson*,
    2020 WL 13310525 (U.S. Air Force
    Court of Criminal Appeals. 2020) (unpub). . . . . . . . . . . . . . . . . . . .1

*United States v. Libous*,
    858 F.3d 64 (2d Cir 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7

*United States v. Logal*,
    106 F.3d 1547 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*United States v. Maxon*,
    339 F.3d 656 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*United States v. Meraz*,
    998 F.2d 182 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Mladen*,
    958 F.3d 156 (2d Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Moehlenkamp*,
    557 F.2d 126 (7th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Case                                                                                                                      Page

*United States v. Morton*,
    635 F.2d 723 (8th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*United States v. Munsingwear Inc.*,
    340 U.S. 36 (1950). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Oberlin*,
    718 F.2d 894 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*United States v. Pauline*,
    625 F.2d 684 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*United States v. Pogue*,
    19 F.3d 663 (D.C.Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*United States v. Pritchett*,
    749 F.3d 417 (6th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9, 10

*United States v. Reid*,
    369 F.3d 619 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*United States v. Ribaudo*,
    62 M.J. 286, 287 (U.S. Court of Appeals
    for the Armed Forces. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

*United States v. Rich*,
    603 F.3d 722 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*United States v. Rivera-Donate*,
    682 F.3d 120 (1st Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*United States v. Rivera-Rodriguez*,
    617 F.3d 581 (1st Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

<u>Case</u>                                                                                          <u>Page</u>

*United States v. Robertson*,
    980 F.3d 672 (9th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*United States v. Rodriguez*,
    558 Fed.Appx 956 (11th Cir. 2014) (unpub) . . . . . . . . . . . . . . . . . . 9

*United States v. Scott*,
    2022 WL 1184184 (4th Cir. 2022) (unpub). . . . . . . . . . . . . . . . . . . . .5

*United States v. Sampson*,
    26 F.4th 514 (1st Cir 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*United States v. Suarez*,
    682 F.3d 1214 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*United States v. Vasquez*,
    298 F.3d 354 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*United States v. Velez-Vargas*,
    32 F.4th 12 (1st Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Volpendesto*,
    755 F.3d 448 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*United States v. Wright*,
    160 F.3d 905 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTORY AND REGULATORY PROVISIONS

Page

18 U.S.C.
    § 3142(e) ............................................... 8

21 U.S.C.
    § 841(b)(1)(A). ......................................... 8
    § 841(b)(1)(B). ......................................... 8
    § 841(b)(1)(C). ......................................... 8
    § 846. .................................................. 8

U.S.S.G.
    § 4A1.2(1) ............................................. 8

# REPLY

## Introduction

The abatement *ab initio* doctrine, applied when a defendant dies during the pendency of a direct appeal of a criminal conviction, is a common law doctrine of longstanding. *See, e.g.,* discussion in *Crooker v. United States*, 325 F.2d 318 (8th Cir. 1963). As the government recognizes (G.B.[1] 28), all of the other federal circuit courts of appeals have adopted an abatement doctrine. *See also* O.B. at 5-7. And as the government notes (G.B.4), if Congress deems the doctrine undesirable it could act. It has not done so. The United States armed forces also abate proceedings *ab initio* when a court-martialed individual dies during the pendency of an appeal. "An appellant is entitled to an appeal of right and his death prior to completion of that appeal generally entitles him to abatement of the proceedings ab initio." *United States v. Ribaudo*, 62 M.J. 286, 287 (U.S. Court of Appeals for the Armed Forces. 2006). *See also United States v. Larson*, 2020 WL 13310525 (U.S. Air Force Court of Criminal Appeals. 2020) (unpub).

---

[1] "G.B." refers to the brief of the United States. "O.B." will refer to the opening brief of amicus.

Amicus has already expressed the view that Supreme Court precedent does not require adoption of the abatement rule but has argued that this Court should adopt abatement *ab initio* based on the finality principle. The government agrees that applying the abatement doctrine here would require abatement of both Mr. Reynolds' challenged convictions and the financial penalties imposed, including the special assessment, forfeiture and restitution. Amicus will address the government's contention that the finality principle does not support this Court's adoption of the abatement doctrine.

## I. The Finality Principle Supports Adoption of the Abatement *ab Initio* Rule When a Defendant Dies During the Pendency of a Direct Appeal of a Judgment in a Criminal Case

### A. Abatement is Based on the Centrality of Appellate Review of Criminal Convictions to a Correct Adjudication of Guilt or Innocence

In *United States v. Libous*, 858 F.3d 64, 66 (2d Cir. 2017) (interior quotes omitted) the court described the finality rationale for abatement as "grounded in procedural due process concerns." *See also United States v. DeMichael*, 461 F.3d 414, 416 (3d Cir. 2006). Resolution of an appeal as of right establishes the finality upon which the abatement doctrine is based.

2

The right to a direct appeal of a criminal conviction is a statutory right of longstanding in the federal system, beginning in 1879. It is also a longstanding right in many state systems. As the Supreme Court stated in 1956, "All of the States now provide some method of appeal from criminal convictions, recognizing the importance of appellate review to a correct adjudication of guilt or innocence." *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (holding that Illinois was constitutionally required to provide trial transcripts or other means necessary for full appellate review to indigent defendants). And "[a]ppellate review has now become an integral part of the Illinois trial system for finally adjudicating the guilt or innocence of a defendant." *Id.* The fundamental nature of appellate review in the adjudication of guilt or innocence is illustrated by the Supreme Court's holding that due process guarantees a defendant the right to effective assistance of counsel on his first appeal as of right. *See Evitts v. Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353 (1963).

The finality rationale "reflects the notion that the state should not label one as guilty until he has exhausted his opportunity to appeal." And "a fundamental principle of our jurisprudence from which the

abatement principle is derived is that a criminal conviction is not final until resolution of the defendant's appeal as a matter of right."[2] Resolution of the merits of an appeal "is an integral part of our system for finally adjudicating his guilt or innocence." *Libous*, 858 F.3d at 66. For additional expressions of these principles s*ee, e.g., United States v. Pogue*, 19 F.3d 663, 665 (D.C. Cir. 1994); *United States v. Bryant*, 743 Fed.Appx. 471 (D.C. Cir. 2018)(unpub) (following *Pogue*); *United States v. Wright*, 160 F.3d 905, 908 (2d Cir. 1998); *United States v. Christopher*, 273 F.3d 294, 297 (3d Cir. 2001); *United States v. DeMichael*, 461 F.3d 414, 416 (3d Cir. 2006); *United States v. Pauline*, 625 F.2d 684, 685 (5th Cir. 1980); *United States v. Estate of Parsons*, 367 F.3d 409, 413-414 (5th Cir. 2004) (en banc); *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977); *United States v. Volpendesto*, 755 F.3d 448, 453 (7th Cir. 2014); *United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983); *United States v. Rich,* 603 F.3d 722,

---

[2] For purposes of the time for filing a motion for post-conviction relief a conviction is not final until the Supreme Court has denied a petition for certiorari or issued a decision in a case where certiorari was granted, or the time for filing a petition for certiorari following a court of appeals judgment has expired. *See, e.g., Clay v. United States*, 537 U.S. 522 (2003)

730 (9th Cir. 2010); *United States v. Robertson*, 980 F.3d 672, 676 (9th Cir. 2020); *United States v. Logal*, 106 F.3d 1547, 1552 (11th Cir. 1997).[3] As the court stated in *Estate of Parsons*, "[t]he defendant's attack on his conviction tests previously unforeseen weaknesses in the state's case or outright errors at trial. Under this rationale, neither the state nor affected parties should enjoy the fruits of an untested conviction." 367 F.3d at 414.

Abatement based on the finality principle is targeted. Courts have ordered abatement of counts of conviction challenged on appeal while rejecting abatement of counts of conviction not challenged on appeal. *See, e.g., United States v. Brooks*, 872 F.3d 78 (2d Cir. 2017). Courts have declined to order abatement of convictions where only the sentence was challenged on appeal. *United States v. Mladen*, 958 F.3d 156 (2d Cir. 2020); *United States v. DeMichael*, 461 F.3d 414 (3d Cir. 2006); *United States v. Brame*, 568 Fed.Appx. 567 (10th Cir. 2014)

---

[3] Other courts have adopted and applied the abatement doctrine citing the cases listed above. *See, e.g., United States v. Dudley*, 739 F.2d 175, 176 (4th Cir. 1985); *United States v. Scott*, 2022 WL 1184184 (4th Cir. 2022) (unpub); *United States v. Johnson*, 937 F.2d 609 (6th Cir. 1991) (unpub); *United States v. Morton*, 635 F.2d 723, 725 (8th Cir. 1980); *United States v. Coddington*, 802 Fed.Appx. 373, 374 & n.2 (10th Cir. 2020) (unpub).

(unpub); *United States v. Butler*, 48 Fed.Appx. 630 (9th Cir. 2002) (unpub). *See also Krantz v. United States*, 224 F.3d 125 (2d Cir. 2000) (rejecting abatement when defendant died while a motion for certificate of appealability from the denial of a habeas motion was pending, distinguishing that situation from one in which a direct appeal is pending).[4]

### B.  Abatement Based on the Finality Principle is Not Inconsistent With the Presumption of Innocence or its Applications

Contrary to the government's assertion (G.B. 15), abatement based on the finality principle is not inconsistent with the Supreme Court precedent addressing the presumption of innocence. As the Court stated, "the presumption of innocence disappears" "[o]nce a defendant

---

[4] To the extent the government suggests that rejection of the abatement doctrine is supported by this Court's decision in *United States v. Sampson*, 26 F.4th 514, 516 (1st Cir 2022), that suggestion should be rejected. This Court declined to vacate Sampson's death sentence after he died while his appeal of the denial of habeas relief from that sentence was pending, stating that counsel had made no argument under *United States v. Munsingwear Inc.*, 340 U.S. 36 (1950). This Court has vacated a number of district court judgments citing *Munsingwear. See, e.g., Reaves v. Department of Corrections*, 2021 WL 9541612 at *2 (1st Cir. 2021) (unpub); *ACLUM v. Conference of Catholic Bishops*, 705 F.3d 44, 57-58 (1st Cir. 2013); *United States v. Reid*, 369 F.3d 619, 622 (1st Cir. 2004); *Simon v. United States*, 70 F.3d 1252 (1st Cir. 1995) (unpub).

*has been afforded a fair trial* and convicted of the offense for which he was charged,…" *Herrara v. Collins*, 506 U.S. 390, 399 (1993) (emphasis added).[5]

An appeal addresses the validity of that predicate: whether the defendant has received a fair trial; whether there has been a correct determination of guilt or innocence at the trial stage; whether the correct sentence has been imposed. While there may be no presumption of innocence when these determinations are made at the appellate stage, that absence does not dictate whether the defendant has received a fair trial. If a conviction is vacated on appeal, the defendant's presumption of innocence is restored. *Nelson v. Colorado*, 581 U.S. 128, 135 (2017). *See also United States v. Libous*, 858 F.3d 64, 67 (2d Cir. 2017).

Nor does the absence of a constitutional right to, and limitations on, bail pending appeal (G.B. 17-19), or the fact that under the sentencing guidelines prior sentences receive criminal history points even if those sentences are on appeal (G.B. 19-21) "highlight the

---

[5] In *Herrera* the Court was reviewing petitioner's second federal habeas petition following a direct appeal and collateral proceedings in state courts and a prior federal habeas petition. 506 U.S. at 393.

7

inherent fallacy of the finality principle" (G.B. 19, 21). While the Bail Reform Act addresses a defendant's liberty interests, it is also addressing interim measures, not a final resolution. And the Act also imposes limitations on release pending trial, including detention (*see* 18 U.S.C. § 3142(e)), notwithstanding the existence of the presumption of innocence at that time.

While U.S.S.G. § 4A1.2(1) provides for inclusion of sentences on appeal in calculating criminal history, a defendant whose sentence is enhanced by prior convictions subsequently vacated (*see, e.g., Matos v. United States*, 398 F.3d 126, 133-135 (1st Cir. 2005)) or held on appeal not to support an enhancement (*see, e.g., United States v. Velez-Vargas*, 32 F.4th 12 (1st Cir. 2022)) has an opportunity for resentencing. An error can be rectified. In other instances finality is required before prior convictions can be used to enhance a sentence. Courts addressing sentencing under 21 U.S.C. § 841(b)(1)(A),(B), and (C) and §846, preclude enhancement with the use of prior convictions that are not final and state that "A conviction becomes final for the purpose of [federal] sentencing when the time for taking a direct appeal from the judgment of conviction has expired." *United States v. Pritchett*, 749 F.3d

8

417, 423–28 (6th Cir. 2014) (interior quotes omitted). *See also United States v. Vasquez*, 298 F.3d 354, 358–59 (5th Cir. 2002); *United States v. Maxon*, 339 F.3d 656, 658–59 (8th Cir. 2003); *United States v. Howard*, 115 F.3d 1151, 1158 (4th Cir. 1997); *United States v. Suarez*, 682 F.3d 1214, 1220 (9th Cir. 2012); *United States v. Holyfield*, 703 F.3d 117, 1174 (10th Cir. 2013); *United States v. Rodriguez*, 558 Fed.Appx 956, 961 (11th Cir. 2014) (unpub); *United States v. Meraz*, 998 F.2d 182, 184 (3d Cir. 1993).[6]

As the court in *Pritchett* stated:

 The purpose of the finality requirement is to prevent sentence enhancement based on a prior conviction that remains subject to direct attack on appeal. …This is a

---

[6] In both *United States v. Rivera-Rodriguez*, 617 F.3d 581, 60-610 (1st Cir. 2010) and *United States v. Rivera-Donate*, 682 F.3d 120, 136-137 (1st Cir. 2011) this Court addressed whether probation or probation followed by expungement pursuant to Puerto Rico's diversionary disposition program constituted prior convictions that were final for purposes of 21 U.S.C. § 841(b)(1)(A). In both cases this Court focused on whether the drug-involved incidents constituted prior convictions and did not directly address the question of when a conviction becomes final. *Rivera-Rodriguez* relied on *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103 (1983), addressing whether a state plea of guilty with a deferred entry of judgment and a term of probation was a conviction under a firearms statute that did not require that a prior conviction be final before it could be used as a sentencing enhancement. *Rivera-Donate* relied on *United State v. Campbell*, which recognized that a conviction becomes final when the time for appealing expires and that, in that case, the time had passed. 980 F.2d 245, 251 fn.9 (4th Cir. 1992).

9

recognition that it would not be appropriate to enhance a sentence based on a conviction that is later removed from a criminal record based on innocence or legal error.

749 F.3d 417, 427–28 (6th Cir. 2014).

Amicus submits that there is no "inherent fallacy" in application of the abatement *ab initio* doctrine where, as here, a defendant challenging his conviction and sentence on direct appeal dies before that appeal is decided.

## Conclusion

For the reasons set out above and in its opening brief, amicus submits that this Court should adopt the abatement *ab initio* doctrine to be applied where, as here, a defendant dies while his direct appeal of his conviction and sentence is pending.

    Respectfully submitted,

    OFFICE OF THE FEDERAL PUBLIC DEFENDER, DISTRICTS OF MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND
    By:

    */s/Judith H. Mizner*
    Judith H. Mizner, AFPD (No. 11056)
    Federal Defender Office
    51 Sleeper St., 5th Floor
    Boston, MA  02210

June 20, 2023    (617) 223-8061

## Certificate of Compliance with Type-Volume Limitation, Type-Face, and Type-Style Requirements

I hereby certify that:

1. This document complies with the type-volume limitation of F.R.A.P. Rule 32(a)(7)(B) and F.R.A.P. Rule (a)(5) as it contains 2,147 words excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii).

2. This document complies with the typeface requirement of F.R.A.P. Rule 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Word 2016 in 14-point Century Schoolbook.

*/s/Judith H. Mizner*

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 20, 2023.

*/s/Judith H. Mizner*